## ACOSTA, etc., et al. v METROPOLITAN DADE COUNTY CONSTRUCTION TRADES QUALIFYING BOARD, DIVISION 'A'

### Case No. 90-217-AP

Eleventh Judicial Circuit, Dade County

May 17, 1991

#### APPEARANCES OF COUNSEL

**Renato Perez, Esquire** and **James C. Blecke, Esquire,** for appellant.

**Robert A. Ginsburg,** Dade County Attorney, and **Cecilia M. Altonaga,** Assistant County Attorney, for appellee.

Before ROBINSON, MUIR, DEAN, JJ.

#### OPINION OF THE COURT

ROBINSON, J.

Under a Dade County Public Works Permit Number, the appellant, FELIX ACOSTA, as qualifying agent, and ACOSTA TRACTORS, INC., (both described herein as Acosta) did some paving and construction work, subcontracting a portion of the work to Roy Concrete

Services (Roy). Roy did not hold a certificate of competency. As a result Acosta was charged with violating the following section of the Code of Metropolitan Dade County.

§ 10-22 Prohibited acts and omission—contractors.

It shall be unlawful for any contractor . . . operating anywhere within the county, or any . . . qualifying agent of such a contractor to commit one or more of the following acts or omissions:

\* \* \*

(h) Intentionally evading or violating any of the provisions of this chapter, which may be evidenced by, but not limited to, one or more of the following acts:

(1) Aiding or abetting any person not holding a certificate of competency, to evade or violate any of the provisions of this chapter. . .

Acosta claims that it did not know that Roy lacked a certificate. Though it had checked Roy's certificate of insurance it did not ask Roy to see its certificate of competency. The Metropolitan Dade Construction Trades Qualifying Board—Division A (Board) found the appellants guilty and issued a letter of reprimand. Acosta appeals.

The main issue raised is whether allowing an unlicensed contractor on a job is an intentional act prohibited by section 10-22(h)(1). The county argues that merely aiding and abetting Roy to work for the county is sufficient evidence to sustain the reprimand. We disagree and reverse the Board's decision. In describing intention the case of *Newman v State,* 174 So.2d 479, 483 (Fla. 2d DCA 1965), held, "more is required than the mere doing of the deed." In other words the act of allowing Roy to work is not enough. It had to allow Roy to work knowing Roy was not a certificate holder.

The county argues that the definition of intent in criminal, tort and contract law must be ignored because section 10-22(h)(1) specifically includes in its definition of intent the aiding and abetting itself. This interpretation not only is illogical but defies a plain reading of the ordinance itself. We read the ordinance as follows: Aiding and abetting Roy to evade or violate the law is a violation only if Acosta did so intentionally, i.e. with knowledge Roy was violating the law. The only way of knowing whether Roy violated the chapter is to know in fact it did not hold a certificate of competency. There is no evidence of this in the record. What happened in this case was in fact unintentional. *See generally* S. C. Coval & J. C. Smith, *Laws and its Presuppositions,* chap. 1 (1986).

2

We realize that construction trades would be better off if contractors were subject to sanctions if they didn't check their sub-contractor's credentials. This, however, is not prescribed by the ordinance reviewed herein.

Again, we reverse with directions to the Board to withdraw the letter of reprimand.

MUIR and DEAN, JJ., concur.

REVERSED.